JUAN BERTRAN Y CASAÑAS ET AL., Plffs.,

*v.*

MULLENHOFF & KORBER ET AL., Dfts.

---

Equity, No. 315.

1. The court will not sustain the defense of laches to a bill of complaint by

Bertran y Casañas v. Mullenhoff & Korber.

holders of a second mortgage, in failing to intervene in an action to foreclose the prior mortgage, or immediately thereafter, where the bill of complaint alleges, and by the demurrer it is admitted, that complainants only discovered after such foreclosure proceedings the secret written agreement between the mortgagor and the holder of the first mortgage, whereby a part of the mortgaged property should be acquired by the first mortgagee in the foreclosure proceedings, and held in trust for the mortgagor.

2. Equity will not permit an injustice to be committed to an innocent third party, under the form of legal proceedings; and a bill of complaint which alleges that the owners of real estate and the holders of the first mortgage therein had entered into a secret agreement whereby the owners were to permit foreclosure proceedings to be carried through without objection, in consideration of which the mortgagee should secure the title to the property covered by the mortgage, and hold the title to a portion of the property in trust for the original owner, states a good cause of action on behalf of the owner of a second mortgage, the registry of whose mortgage has been canceled as the result of such foreclosure proceedings.

Opinion filed November 27, 1905.

Messrs. *Hartzel & Rodriguez,* solicitors for plaintiffs.

Messrs. *Herminio Diaz* and *Cayetano Coll y Cuchi,* solicitors for defendants.

McKenna, Judge, delivered the following opinion:

This cause is submitted on the demurrer of Mullenhoff & Korber to the bill of complaint. Counsel were heard at length, and lengthy briefs have been filed on both sides. There are twelve grounds of demurrer; hence the court will not attempt to take them up seriatim. The point was raised by the complainants at the argument that the demurrer is not properly verified in that it is not verified by either of the defendants interposing the same, but by their attorney. This is a violation

Bertran y Casañas v. Mullenhoff & Korber.

of the express terms of the equity rule which requires that demurrers be verified by the parties interposing the same. No showing is made that it was impossible to obtain the verification of at least one of the defendants, and the court would be constrained to overrule the demurrer for this fatal defect if it were insisted upon, but, counsel for the complainants waiving said defect, the court proceeds to the consideration of the demurrer upon its merits.

Examination of the salient points of this demurrer and the authorities cited in the defendants' brief in support thereof fails to convince the court of their merit or relevancy to the case made out by the bill of complaint. The point most strongly urged is that of laches on the part of complainants in not intervening before the sale in the foreclosure proceedings, or immediately thereafter; but this is overcome by the averments of the bill, which the defendants admit by way of demurrer, viz., that complainants only discovered since said foreclosure proceedings and the sale held thereunder, that the defendants had entered into a secret written agreement to substantially acquire title to the real estate as trustees to account to the defendants Fulladosa and Argueso and his wife. The complainants cannot be held guilty of laches until notice of fraud or of the secret transactions alleged is chargeable to them. The bill clearly alleges the present existence of a trust, and constructive fraud between the defendants for the purpose of depriving said complainants of their existing lien under their said second mortgage on the premises described in the first mortgage.

The trust agreement alleged in the bill as a continuing trust is not prescribed or debarred by laches. The act of cancelation of the second mortgage after the sale under the alleged secret trust agreement could only be set aside by a court of equity, which alone affords a remedy against the successful use of the

Bertran y Casañas v. Mullenhoff & Korber.

forms of law in such cases, and alleged to have been invoked by the defendants herein. The bill avers that this cancelation and sale were so made for the express purpose of depriving complainants of what was justly due them under the said second mortgage. This transaction under the secret agreement of Mullenhoff & Korber, as the holders of said first mortgage, to buy in the property in question and to procure a cancelation on the records of the registry, after said sale, of the said second mortgage belonging to complainants, under the averments of the bill taken as admitted by this demurrer, would be the allowance, under the forms of law and principles thereof, of an injustice to an innocent third party, as to which only equity can grant relief, and which is not barred by the question of *res judicata.* We fail to see that the quotation from the decision of this court on the question of vendor's lien in the case of Guardiola versus Pizá Hermanos and the principles enumerated, under which, by the mortgage law of Porto Rico, all such liens on real estate were abolished, has any application to the present case, in which it is admitted a secret trust was entered into between Mullenhoff & Korber and the other defendants to bring about a collusive sale under the forms of law.

It is not unnecessary to allege undue influence, duress, or fraud in the bill, as charged in the demurrer, but the acknowledged trust, collusive sale, etc., under the said secret agreement, are properly alleged in this bill, and make a case in the peculiar realm of equity, involving also an accounting as well as a discovery. It may be that the complainants have refrained from the use of the word "fraud" or profuse charges thereof, as alleged in this demurrer. However, the bill does allege and positively charges that the defendants entered into a contract to injure complainants by depriving them of their rights under their said second mortgage.

Bertran y Casañas v. Mullenhoff & Korber.

The court has given the able and exhaustive brief of counsel for said defendants, displaying great research on the questions involved, close consideration and examination, but finds that the averments of the bill are sufficient in law to constitute a cause of action. The demurrer is therefore overruled.